# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARVIN GAY,

        Petitioner,    :    Case No. 3:16-cv-333

  - vs -        District Judge Walter Herbert Rice
                            Magistrate Judge Michael R. Merz

BRYAN COOK, WARDEN,

                                  :

        Respondent.

## ORDER STAYING CASE PENDING EXHAUSTION

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner raises four grounds for relief, but reports that no appeal has been taken from his conviction in the Montgomery County Common Pleas Court in this case. A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski,* 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini,* 424 F.2d 134, 140 (6th Cir. 1970). It also includes the remedy of a petition for post-conviction relief

1

under Ohio Revised Code § 2953.21.  *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990). While no appeal has yet been taken in this case, Petitioner still has available the possibility of a delayed appeal to the Second District Court of Appeals and, if he is unsuccessful, to the Ohio Supreme Court.  In the absence of exceptional or unusual circumstances, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense.  *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc).

Rather than dismissing the case and exposing Petitioner to the risk of missing the statute of limitations filing deadline, this Court is authorized to stay this case pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

Accordingly, this case is hereby STAYED pending exhaustion of Petitioner's available state court remedies.  Petitioner is ORDERED to file a motion for delayed appeal with the Second District Court of Appeals not later than September 1, 2016, file a copy of that motion with this Court, and keep this Court currently advised thereafter about the progress of the state court proceedings.

August 9, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge